HILL & COMBS et al. v. FIRST NAT. BANK OF SAN ANGELO, TEX., et al.

No. 10763.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1944.

W. L. Matthews and W. F. Nowlin, both of San Antonio, Tex., and Robert G. Hughes, of San Angelo, Tex., for appellants.

Lloyd Kerr, of San Angelo, Tex., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by a sub-contractor on a government job and the bank his assignee, the suit was for a balance claimed to be due for paving done. Originally of wider compass, the suit as it was submitted to the jury presented but one issue. This was whether turnouts, service entrances and other areas paved by plaintiff, the sub-contractor, were, as claimed by defendants, included in his contract, or were, as plaintiffs claimed, extras and to be paid for as such. Submitted on a general charge to which no exception was taken, there was a verdict for plaintiffs, and unless it can be said that a verdict for defendants was as matter of law demanded, the judgment must be affirmed. Below, defendants moved for an instructed verdict on the ground that the work for which plaintiffs sued as extras was included in a written contract, the agreed price for which had admittedly been paid, and, therefore, there was no issue of fact for the jury but only a question of law to be determined by the court on the construction of the contract. Here, as appellants, they insist that it was error to refuse their request.

The controversy arises out of the sub-contracting by defendants of paving required by "additions to street paving as shown on drawing or plan 10/1.3" added to the contract between the United States and appellants for the construction and completion of Goodfellow Flying Field at San Angelo, Texas. It is not disputed that the work done was a part of appellants' contract with the government. It is claimed by appellants that appellee Thomson, as sub-contractor, contracted in writing with them to do for a lump sum all of the paving as shown on drawings Nos. 10/1.3 and 10/2, and, therefore, may not make claim for any part of it as extras. It is without dispute that appellants and appellee, Thomson, did enter into a written contract, the substantial provisions of which, so far as here material, are as follows:

"Section 1. The Sub-contractor agrees to furnish all material and perform all work as described in Section 3 hereof for Additions Temporary Construction, Goodfellow Flying Field, hereinafter called the Owner, at San Angelo, Texas, in accord-

ance with the conditions of the contract between the Owner and the Contractor.

"Section 2. The provisions set forth upon the page, hereto attached and marked 'Pages a and b', are hereby incorporated into and made a part of this sub-contract.

"Section 3. The Sub-contractor and the Contractor agree that the materials to be furnished and the work to be done by the Sub-contractor are: All labor and materials according to plans and specifications to complete the parking mat and tie down anchors, curbs and streets including one years maintenance according to plans Nos. 10/2 and 10/1.3 all as shown and called for including catch basin."

Plans Nos. 10/2 and 10/1.3 referred to and incorporated in the subcontract carry in the right hand lower margin a label, "San Angelo Field, Texas, Second Project, Paving Additions to Streets and Drives Plan & Details", and in bold outline there appears:

"Legend

[ ] Paving under construction

[//////] Paving authorized"

On both sets of the plans outlined in heavy white bold relief lines the .paving work to be done is shown without distinction between streets and so-called drives, turn-outs, service entrances and other areas except that each street is marked "Street", and there is no marking on the other areas. At the bottom of both sets of plans there appears in the lower left hand margin the legend "typical service drive details".

Whatever the difficulties attending their application, the general principles which govern here are quite clear and simple. The parties having reduced their agreement to writing are bound by the written terms, the meaning and effect of which, if they are clear and without ambiguity, may not be submitted to the jury but must be determined by the court. It is only if they are ambiguous that justification can be found for the admission of the evidence in the case on which plaintiff relied and on which the verdict in his favor was evidently based.

Further, the plans referred to and made a part of the sub-contract are themselves unambiguous, and if they had been simply referred to as showing the work to be done, would undoubtedly have required the doing as a part of the contract of the paving in dispute. Such ambiguity, if any as there is in the case, must arise out of a conflict between what is written in Section 3 and the reference to the plans that section makes.

It is plaintiff's contention: that there is no ambiguity; that what he agreed to do is definitely set out in the written language of the section; and that the reference to the plans was to import them not wholly but only to the extent of the work which he specifically agreed to do. It is his further contention that if this is not entirely clear and there is an ambiguity, it is resolvable, and was resolved in his favor, by the evidence on which he got his verdict. The defendants, on the other hand, insist that the language of Section 3 is not in conflict but in conformity with the reference in it to the plans and that, therefore, no ambiguity exists. Specifically they dispute plaintiff's contention, that the writing of the word "streets" into the section and the failure to write the word "driveways" in was at once an inclusion of the streets in, and an exclusion of the driveways from, his contract. They urge that, on the contrary, what was really done by Section 3 was this, to say that the sub-contractor would furnish all labor and materials to complete the work outlined in the plans and specifications Nos. 10/2-10/1.3, and that the use in the section of the descriptive words "parking mat, tie down anchors, curbs and streets" was intended not to exclude other things shown on the plans, but simply to be generally descriptive of the work they dealt with.

While a reference in a contract to plans and specifications imports them into and makes them a part of the contract, it is quite well settled that such a reference is not effective beyond the agreement of the contract and that if the agreement contains qualifying words, they will be given effect, and the reference limited accordingly. Guerini Stone Co. v. P. J. Carlin Const. Co., 240 U.S. 264, 36 S.Ct. 300, 60 L.Ed. 636; Inland Engineering & Const. Co. v. Maryland Cas. Co., 76 Utah 435, 290 P. 367. Cf. Expanded Metal Fireproofing Co. v. Noel Const. Co., 87 Ohio St. 428, 101 N.E. 348. Appellee relies on these authorities as making it clear; that when, instead of referring generally to and, therefore, generally importing the plans into, his contract, he specifically described what part of the work shown on the plans he had contracted to do, he thereby excluded other features of it not in terms described; and

that the defendant, having accepted the contract with these limitations, cannot, the work done, enlarge it.

■■ While the matter is by no means free from doubt, we have concluded; that the District Judge was right in his view that a verdict for defendants was not demanded; and that the jury having resolved all questions of fact in plaintiff's favor, the judgment must stand. Normally the term, "Streets" does not include service entrances or driveways leading off from the streets onto adjoining premises, and we are, therefore, unable to say that as matter of law the contract clearly and without ambiguity included the disputed paving. Here, unlike in the ordinary case, the streets and driveways are all parts of the same construction for the same owner, and that fact, together with other facts in the case; that no other provision was made for paving the driveways; that plaintiff did pave them, and, though he submitted statements to defendants of the amount due him, he did not until just before bringing this suit make claim that the drives were extras; does, we think, furnish ample basis for a jury finding resolving in defendant's favor the ambiguity created by the wording of the section. But the jury, on ample supporting evidence, has resolved it the other way. The judgment must be affirmed.