## UNITED STATES v. GORDON.
### No. 14379.

United States Court of Appeals
Fifth Circuit.
July 10, 1953.

Carolyn R. Just, Ellis N. Slack, John J. Kelley, Jr., Sp. Assts. to the Atty. Gen., Charles S. Lyon, H. Brian Holland, Asst. Attys. Gen., for appellant.

A. C. Wheeler, Wheeler, Robinson & Thurmond, Gainesville, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

The United States instituted this suit to recover the sum of $35,196.54, with interest, alleged to have been erroneously refunded to the defendant taxpayer Mose W. Gordon, Sr., on account of income taxes for the years 1942, 1943 and 1944. 26 U.S.C.A. § 3746. The United States appeals from a judgment below finding it entitled to only $8,822.71, with interest.

During the years in controversy, Mose W. Gordon, Sr., his wife, and their two children were engaged in the lumber business. For the years 1942, 1943 and 1944, they submitted partnership tax returns, in which the portions of the taxable partnership income attributable to each partner were shown. The latter amounts were taken up on the individual returns of the partners for those years, and taxes paid thereon.

The Commissioner of Internal Revenue refused to recognize the asserted partnership for income tax purposes, and attributed the entire taxable income from the lumber business to Mose W. Gordon, Sr., individually. This resulted in a tax deficiency in Gordon's individual income tax for those years of $75,928.03, including interest, which he paid and thereafter sued to recover as an overpayment.

While that suit was pending, Gordon submitted a compromise settlement, 26 U.S.C.A. § 3761, by which he offered "to recognize a further tax liability of 22%, later increased to 32%, of the tax deficiencies arising by reason of disallowing the partnership for federal income tax purposes * * *," and to re-determine his tax liability for the years 1945, 1946 and 1947 on the same basis. The 32% offer was accepted, and the taxpayer dismissed, with prejudice, his suit to recover the alleged overpayment.

Thereafter, on July 12, 1949, the United States refunded to Gordon the sum of $67,855.54, made up of $59,479.28 refund of tax, and $8,376.26 interest thereon.

Two years thereafter, on July 25, 1951, the United States reached the conclusion that it had computed the refund on an erroneous basis, and that the taxpayer, Gordon, had received an excess refund of $35,196.54, which sum this present suit was instituted to recover.

The asserted excess arises from a difference of opinion as to the basis on which the 32% compromise offer should be computed. The United States contends that the taxpayer agreed to accept a refund of 68% of the *net* additional taxes resulting from the disallowance of the partnership, that is, 68% of the difference in the amount of taxes on the income of the asserted partnership, computed on the partnership basis, and the amount of taxes on that identical income when considered as the sole income of the taxpayer. By this method the taxpayer would be entitled to a refund of approximately $32,659.00, instead of $67,855.54.

The district judge, sitting without a jury, found that under the compromise offer the United States should refund 68% of $75,928.03, the total additional taxes and interest actually paid by the taxpayer on account of the deficiencies determined by the Commissioner, with interest from the date of payment. Accordingly, judgment was entered in favor of the United States.

and against the taxpayer, for the difference between the amount so computed, $59,032.-83, and the total amount refunded to the taxpayer, $67,855.54, a difference of $8,822.-71. On appeal, the United States contends that the district judge misinterpreted the terms of the compromise settlement, and that it should have a judgment, not for $8,822.71, but for $35,196.54, plus interest, aggregating $37,976.28.

The taxpayer's offer was to recognize a further tax liability of 32% of the tax deficiencies "arising by reason of disallowing the partnership" for tax purposes. Because the Commissioner rejected the partnership for tax purposes the taxpayer was obliged to pay deficiencies aggregating $75,-928.03 in taxes and interest. The district judge interpreted the compromise agreement to mean that of this sum the taxpayer agreed to recognize a liability of 32%, and that the United States should refund the remaining 68% of that sum, with interest.

█ This interpretation seems to us to be reasonable, equitable, and in conformity with the taxpayer's offer, which was duly accepted. Compare City of Orlando v. Murphy, 5 Cir., 84 F.2d 531; Navajo Production Corp. v. Panhandle Eastern Pipe Line Co., 5 Cir., 132 F.2d 1; Lion Oil Co. v. Gulf Oil Corp., 5 Cir., 181 F.2d 731. The method of computation contended for by the United States does not appear in the compromise agreement, although it is contended by the United States that it appears from computations accompanying the offer as exhibits. But it is the terms of the agreement that control, not the contents of an illustrative exhibit attached thereto, especially when, as here, the purpose of the exhibit is expressly limited and defined.[1] Compare Hill and Combs v. First Nat. Bank, 5 Cir., 139 F.2d 740; Guerini Stone Co. v. P. J. Carlin Const. Co., 240 U.S. 264, 36 S.Ct. 300, 60 L.Ed. 636.

The United States contends that the judgment rendered in the district court will

result in its receiving less than if it had recognized the partnership for tax purposes. But the parties must stand upon the contract made. The court can not make a new one for them. Columbia Gas Const. Co. v. Holbrook, 6 Cir., 81 F.2d 417. Finding that the district judge correctly interpreted the compromise agreement, and no error of law appearing, the judgment appealed from is

Affirmed.

---

[1]. The taxpayer's compromise offer contained the following language: "We have submitted the above computations for information only and it is not intended that such computations shall in any way modify or qualify the offer in compromise made in the second paragraph of this letter."