Peter PANNELL, Libelant-Appellee,

v.

**UNITED STATES LINES COMPANY,**
Respondent-Appellant.

No. 31, Docket 25040.

United States Court of Appeals
Second Circuit.

Argued Oct. 21, 1958.

Decided Jan. 28, 1959.

Kirlin, Campbell & Keating, New York City, for respondent-appellant, L. de Grove Potter and Richard H. Sommer, New York City, of counsel.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant-appellee, David L. Maloof, New York City, of counsel.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

SWAN, Circuit Judge.

This is an appeal from an interlocutory decree for libelant in a suit to recover cargo damage. The damaged cargo was a yacht shipped from London to New York on the deck of respondent's S.S. American Flyer in May 1953. In unloading the yacht it sustained damage through fault of the carrier. The latter concedes its responsibility but maintains that its liability is limited to $500, by the terms of the contract of carriage. The District Court held it was not so limited, and granted recovery on the basis of $500 per "customary freight unit" pursuant to § 4(5) of the United

States Carriage of Goods by Sea Act, 46 U.S.C.A. § 1304(5), which provides that the carrier shall not be liable "in an amount exceeding $500 per package * * *, or in case of goods not shipped in packages, per customary freight unit, * * * unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." Judge Palmieri granted recovery on the basis of $500 per customary freight unit and referred to a commissioner computation of the damages. The opinion is reported in 157 F. Supp. 422.

This appeal differs from Gulf Italia Co. v. American Export Lines, Inc., 2 Cir., 263 F.2d 135, in that here the yacht was carried on deck. . Consequently 46 U.S.C.A. § 1304(5) does not apply *ex proprio vigore*. See 46 U.S.C.A. § 1301 (c). However, the bill of lading refers to the Carriage of Goods by Sea Act and the question for decision is what is the legal effect of such reference.

█ Where a statute is incorporated by reference its provisions are merely terms of the contract evidenced by the bill of lading. The Westmoreland, 2 Cir., 86 F.2d 96, 97; The Tregenna, 2 Cir., 121 F.2d 940, 945 (both relating to incorporation by reference of the Harter Act); Petition of Petterson Lighterage & Towing Corp., D.C.S.D.N.Y., 154 F. Supp. 461, 467 (Carriage of Goods by Sea Act). Our task therefore, is to construe the contract to give consistent effect, if possible, to all of its terms.

█ Turning to the bill of lading: In Clause 1 it is provided that "the word 'package' shall include any piece or shipping unit." Clause 13 provides that in respect to goods carried on deck certain risks shall be on the shipper "but in all other respects the custody and carriage of such goods shall be governed by the terms of this bill of lading and the carrier shall have the *benefit* [italics added] of all and the same rights, immunities, exceptions and limitations contained in said Carriage of Goods by Sea Act, notwithstanding Sec. 1(c) thereof, * * *" The fourth paragraph of Clause 23 reads: "It is understood that the meaning of the word 'package' includes pieces and articles of any description except goods shipped in bulk." At the trial libelant's proctor stipulated that the yacht was not goods shipped in bulk. The first paragraph of Clause 2, upon which appellee particularly relies, reads: "This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act * * * which shall be deemed to be incorporated herein, and nothing herein contained shall be deemed a surrender by the carrier of any of its rights, immunities or limitations or an increase of any of its responsibilities or liabilities under said Act. If any term of this bill of lading be repugnant to said Act to any extent, such term shall be void to that extent but no further."

The parties have defined what "package" means in the bill of lading. We see no reason why this specific definition should not prevail over the general term "package" contained in the Act. It is true that if the Act applied *ex proprio vigore* the yacht, like the tractor in the Gulf Italia case, could not be deemed a "package," and the parties by so describing it could not reduce the carrier's liability. But we cannot agree with the District Court's view that because the definition would be void when applied to shipments covered by the Act, it should likewise be ineffective to reduce liability where the Act is not operative as a matter of law. Since the shipper could have declared the value of his yacht and had full protection against damage by paying a higher freight rate, we cannot regard the $500 limitation as in the nature of a "trap."

Decree modified to limit recovery to $500 plus interest and costs.

MOORE, Circuit Judge (concurring in the result).

I concur in the result and in the majority opinion except as herein qualified. The terms of the bill of lading clarifying and giving a more specific meaning to the word "package" are not "repugnant" to the Act. The word "package" in the

Act is neither self-defining nor a word of art. The clauses of the bill and of the Act can be read together and the true intent of the parties as to their understanding of "package" thereby be obtained.

For the reasons stated in my opinion in Gulf Italia Company v. American Export Lines, Inc. I believe that the phrase "customary freight unit" as used in the Act would have applied in this case to the yacht as a whole, rather than to the units of measure used in calculating the freight charged. Since the Act provides a $500 limit of liability "per package * * * or in case of goods not shipped in packages, per customary freight unit * * *," the result which I would reach in this case is the same whether the Act or the specific definition of "package" is applied. Had Congress intended to extend this limitation only to the unit used in calculating freight rate charges it would have been very simple to have so phrased the statute.