Arthur E. Blyn, J.
Action for $4,026 for nondelivery of 22 tin ingots ont of ¡a total of 550 tin ingots, transported in 25 bundles, each containing 22 tin ingots, by defendants under a bill of lading on the S. ¡S. Fernland from Phuket, Thailand to New York. The alleged nondelivery has not been put in issue here by defendants. What is at issue is the amount of damages recoverable by plaintiff for this loss.
Plaintiff claims it is entitled ¡to recover $4,026 which is the value of the 22 nondelivered tin ingots. Defendants claim they may limit their liability to $500 by reason róf subdivision (5) of section 4 of the Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1304, subd [5])*, which limits recovery against an ocean carrier for loss of goods ¡to “ $500 per package ”.
The question thus before the court is: What is a “ package ” under subdivision (5) of section 4 of the Carriage of Goods by Sea Act (hereinafter referred to as COGSA) Í Each bundle comprised 22 ingots held together by two metal bands. Was each bundle of 22 ingots a single “ package ” or were there 550 separate packages, each ingot being a “ package ”? That question is presented by defendants ’ motion for an order pursuant to CPLR 3212 granting summary judgment in favor of plaintiff against defendants limiting plaintiff’s recovery to $500 pursuant to subdivision (5) of section 1304 of title 46 of the United States Code. Plaintiff, although not making a formal cross motion, seeks an order for summary judgment against defendants in the full amount of plaintiff’s claimed damages, $4,026, pursuant to CPLR 3212 (subd. [b]).
The bill of lading herein contains two notations which are significant, although not solely determinative of our “ What is a ‘ package ’ ” query. One notation, underneath the printed heading “No. of Pkgs ”, reads: “ 550 ”, typed in. The other notation, underneath the printed heading ‘ ‘ Description of Packages And Goods ”, reads, typed in, as follows: “ Ingots Tin Ingots (In 25 Bundles, Each 22 Ingots) (Net Weight: 25,402.0 Kgs.) (Total Ingots 550 In 25 Bundles Only) ”. A further printed legend appearing on the bill of lading states: ‘ ‘ Particulars Furnished By Shipper ”.
*605 Clearly, these notations still leave our query unanswered, since on the one hand there is the flat entry of “ 550 ” packages while, on the other hand, there ¡are the modifying entries of “In 25 Bundles, Each 22 Ingots ” and of “ Total Ingots 550 In 25 Bundles Only Recourse to dictionary definition yields similarly indecisive findings. Thus, Black’s Law Dictionary (4th ed., 1951), offers the following: “ Package: A bundle put up for transportation or commercial handling; a thing in form to become, as such, an article of merchandise or delivery from hand to hand. A parcel is a ¡small package; ‘ parcel ’ being the diminutive of ‘ package ’. Each of the words denotes a thing in form suitable for transportation or ¡handling, or sale from hand to hand * * * As ordinarily understood in the commercial world, it means a shipping package ”.
Plaintiff relies heavily upon the fact that the bill of lading bears the notation “ 550 ” under the column heading “No. of Pkgs ”, but plaintiff does not overcome the significant fact that the same bill of lading also contains, under the printed column heading “ Description of Packages And Goods ” the typed notation “ In 25 Bundles. Each 22 Ingots ” and “ Total Ingots 550 In 25 Bundles Only ”. (Emphasis supplied.) The fact that each bundle was formed by strapping the 22 tin ingots in the bundle by two metal bands and that the 22 tin ingots were not completely covered or encased does not render the bundle any less of a package. As the court stated in Standard Electrica S. A. v. Columbus Lines (262 F. Supp. 343, affd. 375 F. 2d 943, cert. den. 389 U. S. 831) where six cartons, each containing 40 television tuners had been banded to each of nine wooden pallets for shipment: 1 ‘ Each bundle in this case was in effect a container, with a wooden bottom and a wooden top, held together by tight metal bands. The walls of the outside cartons formed the sides of the bundle. If those walls had been covered with a layer of wood, we would have a complete box. Clearly, that would be a package by any definition. The case is no different in my view, merely because the shipper utilized the outer walls of the outside cartons to form the sides of the bundles. The bundle was a self-contained unit. The decision of this controversy should not turn upon whether the sides of ¡the unit were made of separate pieces of wood or of the fibre sides of the outer cartons themselves. I hold that each pallet constituted a package within the meaning of 46 U. S. C. § 1304(5) ”. (Standard Electrica S. A. v. Columbus Lines, 262 F. Supp. 343, 346, supra.)
Moreover, even plaintiff’s own expert, Aubrey Fletcher, poncedes in his affidavit that: “ Until quite recently all ingots were *606 transported individually in ocean transportation. However, during th'e last several years about 80% of the tin ingots have come to be shipped in groups of 22. The remaining 20% are still shipped and transported individually ”. (Emphasis supplied.) Thus, it is ¡apparent that the recently and currently prevailing custom is to ¡transport tin ingots in bundles containing 22 ingots each — which is what was done here.
In the determination of what is a COGSA package, the court finds the following authoritative and controlling guidelines cited in Nichimen Co. v. M. V. Farland (462 F. 2d 319, 334) by the United States Oourt of Appeals, Second Circuit, which stated: “ In Aluminios Pozuelo, Ltd. v. S.S. Navigator, 407 F. 2d 152, 155 (2 Cir. 1968), after a careful review of the cases, Judge Moore, this court’s principal spokesman on this elusive subject, concluded: * The meaning of “ package ” which has evolved from the cases can * # * be said to define a class of cargo, irrespective of size, shape or weight, to which some packaging preparation for transportation has been made which facilitates handling, but which does not necessarily conceal or completely enclose the goods ’ ”. (Emphasis supplied.)
Applying this test to the facts at hand, it would appear that there are 25 “ packages ”, not 550 “ packages ”, i.e., that each bundle containing 22 tin ingots constitutes a single “ package ” under COGSA. Indeed, plaintiff itself brings each bundle within Judge Moore’s definition of a COGSA package (supra), by the following description of what indisputably constitutes “ some packaging preparation for ¡transportation * * * which facilitates handling ’ ’, to wit: ‘ ‘ When 22 ingots are to be shipped in a ‘ bundle ’, the two bottom ingots are molded with a long groove running midway along their entire length. The other 20 ingots are placed above the two bottom ingots and the two metal straps which run around the 22 ingots are held in place by resting in the grooves of the two bottom ingots.”
It is this identification of Judge Moore’s guideline definition with the facts in this case which leads the court to hold in favor of the defendants in the resolution of the finely balanced and well-presented arguments of both parties. The court finds that the COGSA statutory limitation applies here, since plaintiff’s loss was not larger than the contents of one bundle, i.e., one “ package ” of 22 ingots.
Defendants’ motion for ¡summary judgment in favor of plaintiff against defendants limiting plaintiff’s recovery to $500 is granted; plaintiff’s request for summary judgment against defendants in the sum of $4,026 is denied.

 The section reads in pertinent part: “Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of .the United States, or in case of goods not shipped in packages, per customary freight unit ”.