RALSTON PURINA CO.,
Plaintiff-Appellant,

v.

BARGE JUNEAU AND GULF CARIB-
BEAN MARINE LINES, INC.,
Defendant-Appellee.

No. 79–3004
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 16, 1980.

Leach, Paysse & Baldwin, Rene S. Paysse, New Orleans, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Broders, J. Kelly Duncan, New Orleans, La., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

In this admiralty action the district court granted defendant-appellee's motion for summary judgment, holding that the statute of limitations had run on the claim. We affirm.

On December 29 and 30, 1977, a shipment of tinplate and ceiling compound, carried by barge between Port Arthur, Texas, and Ponce, Puerto Rico, was delivered to the consignee in apparently damaged condition. A complaint was filed by Ralston Purina against the Barge Juneau and Gulf Caribbean Marine Lines, Inc. [carrier], on December 14, 1978. Service was not obtained, however, until February 8, 1979, more than one year after delivery of the goods.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Article 19 [1] of the Ocean Bill of Lading specifically provided that suit had to be brought within one year of delivery and that suit was not deemed brought until the carrier had been served with process. Because service of process was not effective until more than one year after the claim arose, the district court granted the appellee's motion for summary judgment.

Two issues must be considered on this appeal. First, it is necessary to reconcile the contractual limitation with certain language in the United States Carriage of Goods by Sea Act [COGSA or the Act], 46 U.S.C.A. § 1300 *et seq.*, which was incorporated by reference.[2] The statute of limitations in the Act, 46 U.S.C.A. § 1303(6), as it has been judicially construed, would have been met here. *See Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 516 (4th Cir. 1955); *Ore Steamship Corp. v. D/S A/S Hassel*, 137 F.2d 326, 329 (2d Cir. 1943). Second, Ralston Purina contends that the requirement that the limitations period be tolled only upon service violates public policy as demonstrated in Federal Rules of Civil Procedure 3 and is therefore not binding. Rule 3 provides that a civil action is commenced by filing a complaint with the court.

■ Because the goods were carried between ports of the United States, COGSA did not apply *ex proprio vigore*. The parties agreed, however, that the Act should be incorporated into their contract and should govern "except as may be otherwise specifically provided herein." It would thus seem to be clearly the intent of the parties to be governed by most but not all of the provisions of COGSA.

Section 1312 of COGSA reads in part: *Provided, however,* That any bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea between such ports, containing an express statement that it shall be subject to the provisions of this chapter, shall be subjected hereto as fully as if subject hereto by the express provisions of this chapter  . .  . .

It is contended that, to avoid rendering this proviso a nullity, whenever COGSA is incorporated into a contract its provisions are not merely additional terms of the contract but instead apply to the contract as forcefully as if the Act applied of its own force. If by this contention it is suggested that an attempt to incorporate a portion of COGSA automatically results in the incorporation of the entire Act, we reject such a contention out of hand as being inconsistent with the well established and undisputed principle of contract law that "a reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified." *Guerini Stone Co. v. P. J. Carlin Construction Co.*, 240 U.S. 264, 277, 36 S.Ct. 300, 306, 60 L.Ed. 636 (1916). *See also Hill & Combs v. First National Bank*, 139 F.2d 740, 742 (5th Cir. 1944):

[I]t is quite well settled that a reference [in a contract] is not effective beyond the

---

1. Article 19 of the Ocean Bill of Lading contains the following statement regarding when suit has been properly "brought":

   In any event the Carrier and the vessel shall be discharged for all liability in respect of loss or damage (including misdelivery or conversion) unless suit is brought within one year after the delivery of the goods or the date when the goods should have been delivered. *Suit shall not be deemed brought until jurisdiction shall have been obtained over the Carrier and/or the vessel by service of process or by an agreement to appear.* (Emphasis supplied).

2. Article 1 of the Ocean Bill of Lading provides:
   This Bill of Lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, which shall be deemed to be incorporated herein, and nothing herein contained shall be deemed a surrender by the carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act. If any term of this bill of lading be repugnant to said Act to any extent, such term shall be void to that extent, but no further. The provisions stated in said Act shall (*except as may be otherwise specifically provided herein* ) govern before the goods are loaded on and after they are discharged from the vessel and throughout the entire time the goods are in the custody of the Carrier. (Emphasis supplied).

agreement of the contract and that if the agreement contains qualifying words, they will be given effect, and the reference limited accordingly.

There can be no doubt that if they had wanted to, the drafters of this contract could ·have identified specific provisions or sections of COGSA and incorporated them by individual reference. Surely no one could then argue that by doing so all the provisions of COGSA would apply. We think the effect is the same where, as here, the parties incorporated all the Act with certain specific exceptions. The net result is that certain provisions of the Act apply to the relationship of the parties and others do not.

■ It may be that the effect of the contention is to suggest that when all or part of the Act is incorporated into the contract, the incorporated provisions are to be treated differently than the other language in the contract. We need not decide that question here because the COGSA statute of limitations was not incorporated into the contract. For any part of the Act to be incorporated into the contract requires, in the language of § 1312 of the Act, "an express statement" to that effect. With respect to the period of limitations here, however, there is an express statement that the statutory provision should *not* govern the parties. Since the statutory limitations period has no application to this dispute, it is unnecessary to decide whether and to what extent the statute of limitations in § 1303(6) may be contractually altered. The district court did not err in applying the limitations period in the contract and granting the carrier's motion for summary judgment.

■ The second issue is likewise not grounds for reversal. Ralston argues that by providing that suit is not brought until process is effected, the clause redefines the commencement of an action in contradiction of Rule 3. Although this argument has superficial appeal, it does not withstand analysis. Rule 3 does not state that filing tolls statutes of limitations but rather fixes the time from which other procedural steps are measured, for example service of process under Rule 4, filing of the answer under Rule 5, whether a claim is "pending" within the meaning of Rule 13(a)(1), and timing of discovery as provided by Rules 26(a) and 33. Article 19 changes none of these relationships, nor does it alter the procedure in federal courts. Article 19, therefore, does not abrogate Rule 3 and it is not void as violative of public policy.

AFFIRMED.