**ENTERPRISE, INC., A SUBSIDIARY OF AMWAY CORPORATION**

v.

**M/V SAM HOUSTON, Her Engines, Tackle, Apparel, Furniture, etc., In Rem, Waterman Steamship Corporation, In Personam.**

Civ. A. 88–772.

United States District Court,
E.D. Louisiana.

July 22, 1988.

from the Cab Company, is deemed to be the single most important factor underlying this Court's holding.

**452**

Thomas H. Leach, New Orleans, La., for plaintiff.

Edward Lebreton, III, New Orleans, La., for defendants.

McNAMARA, District Judge.

Before the court are Cross Motions for Partial Summary Judgment filed by Plaintiff, Enterprise, Inc., and Defendant, Waterman Steamship Corporation. These Motions are before the court on briefs without oral argument.

The court finds that there are no genuine issues of material fact concerning the instant litigation. In March 1987, Plaintiff contracted Defendant to carry the yacht ENTERPRISE III from Singapore to New Orleans. The yacht was shipped on the M/V SAM HOUSTON's deck according to the terms of the Bill of Lading, which specified that the ENTERPRISE III was (1) package to be "SHIPPED ON DECK AT SHIPPER'S RISK".

When the ENTERPRISE III was unloaded in New Orleans, it allegedly sustained $199,168.00 in damages. As a matter of law, the issue before the court is whether Defendant has a liability limitation of $500.00 based on: (1) the United States Carriage of Goods by Sea Act (COGSA), 46 U.S.C.A.App. § 1304(5); or (2) the actual terms of the Bill of Lading.

### COGSA'S $500.00 LIMITATION

■ COGSA does not regulate the carriage of "cargo which by contract of carriage is stated as being carried on deck and is so carried". 46 U.S.C.A.App. § 1301(c). In the instant case, therefore, COGSA's $500.00 limitation is inapplicable on its own force because the ENTERPRISE III was carried on deck.

When COGSA is inapplicable on its own force, COGSA may be incorporated into a contract to regulate on-deck cargo that is not otherwise regulated by that Act. *Pannell v. The S.S. American Flyer*, 157 F.Supp. 422 (S.D.N.Y.1957), *modified on other grounds*, 263 F.2d 497 (2d Cir.1959). In the instant case, although COGSA was contractually incorporated into the Bill of Lading, the Bill of Lading fails to unambiguously extend COGSA to on-deck cargo. The court, therefore, finds that COGSA's $500.00 limitation is contractually inapplicable to the ENTERPRISE III.

### THE BILL OF LADING'S $500.00 LIMITATION

■ Even though COGSA is inapplicable on its own force, and by contractual incorporation, the court finds that the terms of the Bill of Lading itself clearly limit Defendant's liability to $500.00. Clause 18 in the Bill of Lading specifically provides:

18. LIABILITY OF CARRIER: In case of any loss or damage to or in connection with goods exceeding an actual value $500.00 lawful money of the United States, per package, or, in case of goods not shipped in packages, per customary freight unit, the value of the goods shall be deemed to be $500.00 per package or per customary freight unit, on which basis the freight is adjusted and the carrier's liability in any capacity, if any, shall be determined on a value of $500.00 per

package or per customary freight unit, unless the nature of the goods and a declaration higher than $500.00 shall have been declared in writing by the shipper upon delivery to the carrier and inserted in this Bill of Lading and extra freight paid if required and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value and the carrier's liability in any capacity, if any, shall not exceed the declared value.... It is agreed that the meaning of the word "package" includes a container, van, trailer, transportable tank, pallet-unit, animal, piece, article or thing constituting or containing goods shipped hereunder except goods shipped in bulk.

The meaning of "goods" in Clause 18 is ascertained from the definition of goods given in Clause 3. Because the definition of "goods" includes "wares, merchandise and articles of every kind", "goods" in Clause 18 unambiguously includes the ENTERPRISE III. *See, Pannell v. United States Lines Co.*, 263 F.2d 497 (2d Cir.1959) (Bill of Lading's term "package" included yacht carried on deck of vessel). Furthermore, since the Bill of Lading describes the shipment of the ENTERPRISE III as one (1) package, the ENTERPRISE III constitutes a "package" for purposes of the $500.00 package limitation in Clause 18. *See, Aluminios Pozuelo, Ltd. v. S.S. NAVIGATOR*, 407 F.2d 152 (2d Cir.1968).

 Finally, the court finds that the $500.00 limitation in Clause 18 prevails over any conflicting COGSA provision that is incorporated by reference into the Bill of Lading. When COGSA is incorporated by reference into a Bill of Lading, the courts have consistently held that any conflicts between the terms of COGSA and the Bill of Lading should be decided in favor of the Bill of Lading. *See, North River Insurance Co. v. Fed Sea/Fed Pac Line*, 647 F.2d 985, 989 (9th Cir.1981) (foreign jurisdiction clause valid when COGSA applies only as contract term); *Ralston Purina Co. v. Barge Juneau & Gulf Carribbean Lines*, 619 F.2d 374, 375 (5th Cir.1980) (parties' agreement to one-year limitation on

suit prevails over COGSA provision); *Commonwealth Petrochemicals, Inc. v. S/S Puerto Rico*, 607 F.2d 322, 325 (4th Cir. 1979) (specific definition of "package" in Bill of Lading controls over definition in COGSA); *Pannell v. U.S. Lines Co.*, 263 F.2d 497, 498 (2d Cir.1959) (definition of the term "package" that appeared in the Bill of Lading controlled over an inconsistent definition in COGSA).

As a matter of law, Defendant Waterman Steamship Corporation is entitled to partial summary judgment limiting its liability to $500.00. Accordingly;

IT IS ORDERED that Defendant Waterman Steamship Corporation's Cross–Motion for Partial Summary Judgment be and is hereby GRANTED, and Plaintiff Enterprise, Inc.'s Cross–Motion for Partial Summary Judgment be and is hereby DENIED.