J. ARON & COMPANY, Inc., Libellant-Appellant,

v.

THE ASKVIN, etc., and Rederi A/S Aladdin and Compania Colombiana de Navegacion Maritima, Ltda., Respondents-Appellees.

No. 278, Docket 25123.

United States Court of Appeals Second Circuit.

Argued May 11, 1959.

Decided June 1, 1959.

---

Kelly & Donovan, New York City, James J. Donovan, Jr., New York City, of counsel, for appellant.

Kirlin, Campbell & Keating, New York City, Edward L. Smith and James Proud, New York City, of counsel, for appellee.

Before SWAN, HINCKS, and MOORE, Circuit Judges.

PER CURIAM.

Judge Walsh's opinion is unofficially reported in 1958 A.M.C. 207. The cargo for which the libellant seeks recovery was damaged on November 7, 1953 after discharge onto the dock and while awaiting delivery. The libel was filed September 3, 1954, but no process was issued and no jurisdiction of respondent was obtained until answer was filed in August 1956. Clause 20 of the bill of lading requires suit to be "brought within one year after delivery of the goods or the date when the goods should have been delivered * * *" and provides that "suit shall not be considered to have been brought within the time specified above unless process shall have been actually served and jurisdiction obtained within such time."

The appellant cargo owner argues that this provision is invalid because the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6) requires suit to be "brought" within one year, and the courts have construed "brought" to mean libel filed. Ore S. S. Corp. v. D/S A/S Hassel, 2 Cir., 137 F.2d 326, 329. But the Carriage of Goods by Sea Act does not apply *ex proprio vigore* after the goods are discharged from the ship. Section 46 U.S.C.A. § 1301(e). Hence the statute is relevant only because it is incorporated by reference in clause 4 of the bill of lading. Clause 4 incorporates it as a term of the contract "except as otherwise specifically provided." Effect should be given to all the contract terms and the specific controls the general. Pannell v. United States Lines Co., 2 Cir., 263 F.2d 497; Federal Ins. Co. v. American Export Lines, D.C.S.D.N.Y., 113 F.Supp. 540, 543.

Appellant further argues that clause 20 is invalid under the Harter Act, 46 U.S.C.A. §§ 190–196. We are

not persuaded by this contention. The Act forbids a carrier unreasonably or arbitrarily to limit its liability. We see nothing unreasonable or arbitrary in requiring process to be served within one year after delivery of the goods or the date when they should have been delivered.

Judgment affirmed.