Kenneth B. ZIFFERER, Plaintiff,

v.

ATLANTIC LINES, LTD., Defendant.

Civ. No. 17–67.

United States District Court

D. Puerto Rico.

Jan. 30, 1968.

Irwin Zemen, San Juan, P. R., for plaintiff.

Nicolas Jimenez, San Juan, P. R., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CANCIO, Chief Judge.

This cause came to be heard upon defendant's Atlantic Lines, Ltd. motion to

dismiss on June 30, 1967. The Court having considered the motion, the pleadings, the evidence including exhibits filed herein and the argument of counsels for the respective parties, now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1) At all material times, the plaintiff is a citizen and domiciliary of the United States of America and the State of Pennsylvania.

2) At all material times the defendant is a corporation organized and existing under the laws of England, with its principal place of business within the State of New York.

3) At all material times defendant operated steamships engaged as common carriers by water for hire.

4) On July 2, 1965 the defendant received for shipment from the plaintiff a concrete block making machine in the Port of San Juan, Puerto Rico, for carriage to the Port of St. John, Antigua, B.W.I.

5) Defendant, at the port of San Juan, Puerto Rico, loaded the concrete block making machine on board the S.S. "Atlantic Star" who carried and discharged it in the Port of St. John, Antigua, where it was delivered to the plaintiff on July 16, 1965.

6) The complaint in this case was filed on January 16, 1967, that is, one year, six months after delivery of the goods in St. John, Antigua.

7) Upon receipt of the goods in the Port of San Juan, Puerto Rico, the defendant issued short form of bill of lading No. One (1) to cover the concrete block making machine.

8) In the reverse side of said bill of lading all the terms, provisions and stipulations of defendant's regular long form of bill of lading, were by reference made applicable to the carriage of the goods.

9) In the reverse side of the short form of bill of lading the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, were also incorporated by reference and made the law applicable to the contract of carriage.

10) In Clause One of defendant's regular long form of bill of lading the parties incorporated by reference also the provisions of the Carriage of Goods by Sea Act of April 16, 1936, and made it applicable to the contract.

11) Said Clause further provides that the provisions of the United States Carriage of Goods by Sea Act shall govern before the goods are loaded on and after they are discharged from the ship and that said act shall govern during the entire time the goods are in the custody of the carrier.

12) In Clause 18 of defendant's regular long form of bill of lading the parties agreed that "unless notice of loss or damage and the general nature of such loss or damage be given in writing to the carrier or his agent at the port of discharge before or at the time of removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the carrier of the goods as described in the bill of lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.

In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage or otherwise unless suit is brought within one year after delivery of the goods on the date when the goods should have been delivered."

13) The defendant contends that plaintiff's action is time bar by virtue of Section 3(6) (46 U.S.C.A. § 1303(6)) of the Carriage of Goods by Sea Act approved in April 16, 1936 and/or by virtue of Clause 18 of defendant's regular long form of bill of lading.

14) In its opposition plaintiff contends that the Carriage of Goods by Sea Act is not applicable to the plaintiff's cause of action in that Section 1(e) 46 U.S.C.A. § 1301(e) provides that "the

term 'carriage of goods' covers the period from the time the goods are loaded on to the time when they are discharged from the ship" and the damages to the concrete block making machine occurred after the machine was discharged in Antigua.

## CONCLUSIONS OF LAW

1) The Court has jurisdiction over the parties and the subject matter of the complaint is within the Diversity Jurisdiction of the Court.

2) The defendant's right to issue a short form of bill of lading to cover the goods in lieu of a regular long form of bill of lading is unquestionable. Section 2 and Section 5 of the Intercoastal Shipping Act (46 U.S. C.A. §§ 844 and 845b) permits the carrier to issue the short form and to keep the regular long form of bill of lading in blank form posted aboard the vessel, on file in the Federal Maritime Board and available to shippers in its shipping offices.

3) The evidence showed that under the terms of the Contract of Carriage as evidenced by the bill of lading, the Carriage of Goods by Sea Act, 46 U.S.C.A. Sections 1300–1315 governs the rights and liabilities of the parties not only during the hook to hook period but during the entire time the goods were under the custody and care of the defendant including the time prior to loading on and after discharge from the vessel.

4) Although the Carriage of Goods does not apply ex proprio vigore to the period before the goods are loaded on, and after they are discharged from the vessel, it is frequently made applicable by contract throughout the entire time the goods are in the custody of the carrier. See Krawill Machinery Corp. v. Robert C. Herd & Co., D.C.,

145 F.Supp. 554, 560; Section 7 of the Carriage of Goods by Sea Act, 46 U.S. C.A. § 1307.

5) To the period from receipt of the goods to the actual loading and to the period from discharge to delivery of the goods the law applicable is the Harter Act. (46 U.S.C.A. §§ 190–196). See Gilmore & Black, P. 126; Knauth "Ocean Bills of Lading" Pp. 195–197, 46 U.S.C.A. § 1311.[1]

6) However in the Harter Act (supra) no time for suit provision is found. Therefore the will and intent of the parties to the contract shall prevail. The parties to the contract in suit here not only claused the Carriage of Goods by Sea Act into the Contract of Carriage but furthermore, in Clause 18 of the Long Form of Bill of Lading they agreed on a one year time for suit limitation.

7) In Harter Act cases the bill of lading usually contained provisions requiring the filing of suit against the carrier within a short time after delivery of the cargo. While to be valid it was held that the time for suit provision must be reasonable under the circumstances of the case. The President Polk (The President Adams), 2 Cir., 1930, 43 F.2d 695, 698; Henry N. Longley "Common Carriage of Cargo", P. 201; where it was said that a six month time-to-suit provision would be valid. A one year time-to-suit provision was found valid in A. Russo & Co. v. United States (The Scantic), 5 Cir., 1930, 40 F.2d 39, 42. A three month time-to-suit provision was found valid in the K. Ikuno v. Morris & Co., 4 Cir., 1927, 22 F.2d 140, 142; The Bellingham, 3 Cir., 1932, 57 F.2d 1015, 1018.

8) The one year time for suit clause is of the greatest importance. The suit must be brought within one year, even if the carrier fails to comply with his

1. Nothing in this chapter shall be construed as superseding any part of sections 190–196 of this title, or of any other law which would be applicable in the absence of this chapter, insofar as they relate to the duties, responsibilities, and liabilities of the ship or carrier prior to the time when the goods are loaded on or after the time they are discharged from the ship.

**740**

obligations under the law and the contract. Knauth "Ocean Bills of Lading", P. 275; 46 U.S.C.A. § 1303(6).[2]

9) Delivery of the goods was made on July 16, 1965, and the complaint filed on January 16, 1967. The action therefore must be dismissed because it was not commenced within the time specified in the bill of lading and Section 4(6) of the Carriage of Goods by Sea Act of 1936.

Final judgment in conformity with the foregoing Findings of Fact and Conclusions of Law shall be settled and submitted by defendant within five (5) days.

---

2. In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.