**GULF PUERTO RICO LINES,**
Plaintiff,

v.

**MAICERA CRIOLLA, INC.,** Defendant.
**No. Civ. 318–69.**

United States District Court,
D. Puerto Rico.

Nov. 3, 1969.

Jose A. Fuste, San Juan, P. R., for plaintiff.

Oscar Castro Rivera, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This cause came to be heard on Plaintiff's motion for summary judgment directed to the counterclaim filed by the Defendant.

The pleadings, documents, answers to interrogatories and affidavits on file show that on September 8, 1969, the Plaintiff, Gulf Puerto Rico Line, filed a motion for summary judgment alleging in essence the Defendant's cause of action set forth in the counterclaim was time barred under the provisions of the Carriage of Goods by Sea Act or the Hague Rules of 1924, 46 U.S.C.A. § 1300 et seq., and that, in any event, Gulf Puerto Rico Line was only the shipping agent of Delta Steamship Line, Inc. in Puerto Rico.

It appears from the above mentioned documents that during the years 1965 and 1966, Delta Steamship Line, Inc., entered into contracts of carriage with Maicera Criolla for the transportation of 5 shipments of bagged corn from South America to San Juan, Puerto Rico, delivery in San Juan taking place during said years 1965 and 1966, all of them before February 4, 1966. It also appears from the documents on file that Gulf Puerto Rico Line and Delta Steamship Line, Inc., are two different entities and that during the years 1965 and 1966, Gulf Puerto Rico Line was only the agent of Delta in Puerto Rico. It further appears that Gulf Puerto Rico Line is not and never has been the owner of the vessels involved in these transactions, the SS/Del Aire, the SS/Del Mundo or the SS/Del Norte, these ships belonging to Delta Steamship Line, Inc., and that Gulf Puerto Rico Line never contracted as a carrier for the transportation of the bagged corn object of the counterclaim, and that the contracts for the transportation of said corn were entered into between Maicera Criolla and Delta Steamship Line, Inc.

The Defendant has filed a motion in opposition to Plaintiff's motion for summary judgment, accompanied by the corresponding sworn statement. Defendant's contention in their opposition is twofold. First, it alleges that the Plaintiff's contention that they were only agents of Delta is contary to the facts averred in the complaint and second, that the Plaintiff never denied the claims asserted in the counterclaim and has, by its actions, made or induced the Defendant to believe that these claims were being considered for payment. The Court disagrees with the Defendant's contention.

Contrary to what the Defendant alleges, it appears from the records as not contradicted facts that at all material times Gulf Puerto Rico Line was only the shipping agent of Delta Steamship Line, Inc. in Puerto Rico and that the damaged merchandise was carried by Delta exclusively on board their vessels without the intervention of Gulf Puerto Rico Line as a maritime carrier. That being the case, the universal maxim of contract law *res inter alios acta alteri nocere non debet* is of application to the case at bar. The things done or agreed between strangers ought not to injure others: that is to say, those who are not parties to them. Agustín Fernández v. Antilles Shipping, and Gulf Puerto Rico Line Summary Judgment Order (United States District Court for Puerto Rico, July 3, 1969), Civil No. 251–69 (Not officially reported.) Gulf Puerto Rico Line never contracted for the transportation of the merchandise object of the counterclaim. Said Plaintiff can not be held responsible for damages caused by Delta as carrier.

Even assuming that Gulf Puerto Rico Line is the carrier responsible for the alleged damages, the action set forth in the counterclaim is time barred under the one year statute of limitations incorporated in the Carriage of Goods by Sea Act or the Hague Rules of 1924, 46 U.S.C.A. § 1300 et seq. It appears from the documents and pleadings on file as an undisputed fact that the delivery of the merchandise took place in all cases on or before February 4, 1966. It further appears that Defendant's counterclaim was

filed on July 4, 1969, that is, at least three years and five months after the delivery date. This being the case, the action set forth in the counterclaim is prima facie time barred.

In relation to this factual reality, Defendant argues and asserts that the Plaintiff has never denied said claims and that, on the contrary, has requested information and has, through its actions, made the Defendant believe that the claims were being considered for payment. He further cites The Argentino, 28 F.Supp. 440 (1939, SDNY) and 46 U.S.C.A. § 1303(6) as authority to the effect that the issue of whether there has been a waiver of the Statute of Limitations should be reserved for trial and not to be determined on a motion for summary judgment.

■ Contrary to the Defendant's theory, Section 1303(6) of Title 46 of the United States Code does not provide that the issue of whether there has been a waiver of the Statute of Limitations should be reserved for trial and not be determined on motion for summary judgment. Furthermore, The Argentino is of no avail to the Defendant.

■ In The Argentino, several questions were raised, all dealing with the possibility of an oral waiver of the one year Statute of Limitations by the carrier, in view of a condition incorporated as part of the bill of lading to the effect that any waiver had to be in writing. Contrary to the situation at bar, The Argentino does not contemplate a case in which more than three years elapsed from the delivery date without the claim having been asserted judicially under the pretext that the carrier had led the cargo interest to believe that payment would be effectuated after the Statute of Limitations had run by more than three years. Furthermore, in The Argentino, the party claiming waiver of the Statute of Limitations made a tremendous effort to bring to the attention of the Court every single fact having a bearing on the issue of waiver. In our case, the Defendant has failed to meet the burden of overcoming the prima facie presumption appearing from the record as to the fact that the present action is time barred. The deponent Defendant's official failed to state the date on which all these events allegedly occurred; failed to give names and addresses of all the Plaintiff's officials who allegedly promised that settlement conversations could last indefinitely and that legal action could be brought at any time; failed to make reference to letters and to communications between the parties, if any, in respect to the alleged extension of time for suit provision and, above all, failed to explain why they relied, for more than three years, on alleged promises never put into writing. Defendant's mere contention that an issue of fact exists is not sufficient in law, specially when a prima facie case is established for the Plaintiff. Bruce Construction Co. v. United States, 242 F.2d 873 (1957, 5th Cir.). Defendant's formal denial or general allegation which does not show facts in detail and with precision are insufficient to prevent the award of summary judgment. Engl v. Aetna Insurance Co., 139 F.2d 469 (1943, 2d Cir.); Ortiz v. National Liberty Insurance Co., 75 F.Supp. 550 (1948 DPR); 3 Barron & Holtzoff, Federal Practice and Procedure, 1235; Egyes v. Magyar Bank, 165 F.2d 539 (1948, 2d Cir.). In relation to the United States Carriage of Goods by Sea Act Statute of Limitations, see United States v. Compañía Naviera Continental, S. A., 202 F.Supp. 698 (1962, SDNY); Singer Hosiery Mills of New York v. Cunnard White Star Ltd., 199 Misc. 389, 102 N.Y.S.2d 762 (1951).

In view of the above, Plaintiff's motion for summary judgment requesting that Defendant's counterclaim be dismissed is granted. Judgment will be entered accordingly.