Agustin **MEDINA** and Eva Medina,
Plaintiffs,

v.

**SOUTH ATLANTIC & CARIBBEAN
LINE, INC. and Colon & Villa-
lon, Inc., Defendants.**

Civ. No. 328–71.

United States District Court,
D. Puerto Rico.

Jan. 24, 1972.

Roberto Martinez Rodriguez, Arecibo,
P. R., for plaintiffs.

Jiminez & Fuste, San Juan, P. R., for
defendants.

ORDER

TOLEDO, District Judge.

This is an action in admiralty and
maritime jurisdiction filed originally in
the District Court of Puerto Rico, Areci-
bo Section, pursuant to the Saving to
Suitors Clause contained in 28 U.S.C.A.
§ 1333, and removed therefrom to this
Court pursuant to 28 U.S.C.A. §§ 1441
and 1337, since this case involves issues
arising under the Carriage of Goods by
Sea Act, 46 U.S.C.A. § 1300 et seq., and
the United States Harter Act, 46 U.S.C.
A. § 190 et seq., which are Acts of Con-
gress enacted to regulate commerce, and
pursuant to South Atlantic and Caribbe-
an Line, Inc.'s long form of bill of lad-
ing, which incorporate said Act of Con-
gress as permitted by statute.

The facts of the case from the stand-
point of this summary judgment inci-
dent appear not disputed from the file
of the case and from the documents filed
by the defendants with their Motion for
Summary Judgment and accompanying
affidavits. A shipment of cargo arrived
in Puerto Rico on the 17th day of April
1969, allegedly damaged, and suit was
not instituted by the cargo interest, in
this case the plaintiffs, up to and until
more than one year had elapsed from
the time of delivery, thus the action is
time-barred pursuant to Section 1303
(6) of the Carriage of Goods by Sea
Act, 46 U.S.C.A. § 1303(6) and Clause
19 of South Atlantic and Caribbean
Line, Inc.'s bill of lading. Said clause
has been held valid in Empacadora
Puertorriqueña de Carnes, Inc. v. Alter-
man Transport Line, Inc. and South At-
lantic and Caribbean Line, Inc., 303 F.
Supp. 474 (D.C.1969).

The defendant's long form bill of lading provides as follows in its Clause Paramount:

"This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, which shall be deemed to be incorporated herein and nothing herein contained shall be deemed a surrender by the carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act. If any term of this bill of lading be repugnant to said Act to any extent, such term shall be void to that extent but no further. The provisions stated in said Act (except as may be *otherwise specifically provided herein*) shall govern before the goods are loaded on and after they are discharged from the ship and throughout the entire time the goods are in the custody of the carrier . . ." (Italics ours).

Said incorporation is valid by virtue of Section 1312 of said Act, 46 U.S.C.A. § 1312, which expressly permits incorporation of the Carriage of Goods by Sea Act between ports of the United States and its possessions and other United States ports, that is, in coastwise traffic. Rhode Island Insurance Co. v. Pope & Talbott Lines, 78 D.P.R. 454 (1956); Globe Solvents Co. v. The California, 167 F.2d 859 (3 Cir., 1948); Waterman S.S. Corp. v. U. S. Smelting, Refining & Mining Co., 155 F.2d 687, cert. den. 329 U.S. 761, 67 S.Ct. 115, 91 L.Ed. 656 (1946). In turn, Section 1303(6) of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6) provides:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered . . ."

In turn Clause 19 of South Atlantic & Caribbean Line, Inc.'s bill of lading provides:

"19. In any event the Carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after the delivery of the goods or the date when the goods should have been delivered. Suit shall not be deemed brought until· jurisdiction shall have been obtained over the Carrier and/or the ship by service of process or by an agreement to appear."

Said Clause has been held valid in light of Section 1303(6) in domestic traffic in the case of Empacadora Puertorriqueña de Carnes, Inc. v. Alterman Transport Line, Inc. and South Atlantic & Caribbean Line, Inc., supra.

■ It being an undisputed fact that the present action was filed after more than one year had elapsed from the time of delivery contrary to the dispositions of Section 1303(6) of the Carriage of Goods by Sea Act and Clause 19 of South Atlantic & Caribbean Line, Inc.'s bill of lading the present action is time-barred as to co-defendant, South Atlantic & Caribbean Line, Inc. and summary judgment ought to be entered on its behalf. Zifferer v. Atlantic Line, Ltd., 278 F.Supp. 736 (D.C.1968); Midstate Horticultural Co. v. Pennsylvania RR Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96, cited with approval in M.V.M. Inc. v. St. Paul Fire & Marine Ins. Co., 156 F.Supp. 879 (D.C.1957); Burdines, Inc. v. Pan-Atlantic Steamship Corp., 199 F.2d 571 (5 Cir., 1952); United States v. The South Star, 210 F.2d 44 (2 Cir., 1954); Gulf Puerto Rico Lines, Inc. v. Maicera Criolla, 309 F.Supp. 539 (D.C.1969).

■ As to the responsibility of co-defendant Colón & Villalón Inc., under a contract of maritime transportation as the present one it will suffice to say that the doctrine *res inter alios acta alteri nocere non debet* is of application here, that is, that the contracts will only have effect between the parties to it; specifically, it has been decided by this court in Gulf Puerto Rico Lines, Inc. v. Maicera Criolla, supra, that an agent for

**500**

a shipping company is not responsible for damages under a maritime contract for transportation.

In view of the foregoing:

It is ordered, that summary judgment be and hereby is entered in favor of the defendant, South Atlantic and Caribbean Line, Inc.