**Rodney Richard ROBBINS, Plaintiff,**

v.

**Mahlon S. BRYANT, Sheriff, Amherst County,**

and

**Henry L. Brockman, Deputy Sheriff, Amherst County, Defendants.**

**Civ. A. No. 72–C–79–L.**

United States District Court, W. D. Virginia, Lynchburg Division.

Oct. 6, 1972.

William R. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendants.

## OPINION AND JUDGMENT

DALTON, District Judge.

Plaintiff brings this action *in forma pauperis* under 42 U.S.C.A. § 1983[1] and claims his civil rights were violated as a result of an illegal search by defendant Henry L. Brockman, who was acting in his official capacity as Deputy Sheriff of Amherst County.

Plaintiff is currently serving a two and one-half year sentence in the Virginia State Penitentiary, having been tried by a jury and found guilty of statutory burglary in Lynchburg Corporation Court on June 23, 1971. The present action concerns a previous conviction of statutory burglary, on January 6, 1971 in Amherst County Circuit Court, where plaintiff received a three year suspended sentence, plaintiff being placed on probation for five years. After his conviction in the Lynchburg Corporation Court, his probation was revoked.

The facts, as alleged by the plaintiff, are that on October 9, 1970, Deputy

1. 42 U.S.C.A. § 1983.
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Sheriff Brockman came to plaintiff's home with a search warrant to search plaintiff's premises for a portable color television, serial no. 079537. It is alleged that Deputy Sheriff Brockman, during the search, seized articles that were not described in the search warrant, to wit, an AM–FM radio, and a single-barrel 20 gauge shotgun. The plaintiff also contends that the warrant did not particularly describe the house to be searched. He therefore claims that his Fourth Amendment right to be secure from unreasonable searches and seizures was violated and he therefore prays for $100,000 damages.

Defendants admit that the color TV, AM–FM radio and 20 gauge shotgun were seized, and further state that all three articles were stolen from Dr. E. H. Hancock, Jr. They state that the radio and shotgun were lying in the room where the color TV was located, open and obvious to view, and that plaintiff's wife, who was present at the time of the search, had no objection to the radio and shotgun being taken along with the color TV. Defendants further allege that a description of the radio and shotgun had previously been given to them by Dr. Hancock. They allege that the search warrant contained a specific description of the house to be searched. The defendants deny that they were acting under color of law at the time and place in question, and that plaintiff's own unlawful acts and conduct resulted in the search and subsequent conviction and that the defendants did not violate or deprive the plaintiff of any of his rights, privileges and immunities secured to him by the Constitution. Defendants move for dismissal of the amended complaint.

██ The court first recognizes that if defendant Brockman was searching plaintiff's premises under authority of a valid search warrant, he was acting in an official capacity and therefore under color of state law at the time. This case does not present the court with much difficulty for the "plain view" exception

to the warrant requirement comes into play here.

It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

There is no dispute here as to the facts which indicate that the AM–FM radio and 20 gauge shotgun were lying in the room where the color TV was located, open and obvious to view. There is also no dispute to the fact that Deputy Sheriff Brockman had a right to be in the room, as he was operating in an official capacity incident to a valid search warrant, which permitted him to search plaintiff's house.

The "plain view" exception is not without problems, however, for as the Supreme Court noted in Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971), "The problem with the 'plain view' doctrine has been to identify the circumstances in which plain view has legal significance rather than being simply the normal concomitant of any search, legal or illegal."

The Supreme Court continued to define the doctrine by stating:

An example of the applicability of the 'plain view' doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character. Cf. Go-Bart Importing Co. v. United States, 282 U.S. 344, 358, 51 S.Ct. 153, 75 L.Ed. 374; United States v. Lefkowitz, 285 U.S. 452, 465, 52 S.Ct. 420, 76 L.Ed. 877; Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757; Stanley v. Georgia, 394 U.S. 557, 571, 89 S.Ct. 1243, 22 L.Ed.2d 542 (Stewart, J., concurring in result).

403 U.S. at 465, 91 S.Ct. at 2037.

In discussing the prior justification and the limits of a general search, the court in *Coolidge* noted:

> What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges. Cf. Stanley v. Georgia, 394 U.S. 557, 571–572, 89 S.Ct. 1243, 22 L.Ed.2d 542 (Stewart, J. concurring in result). 403 U.S. at 466–467, 91 S.Ct. at 2038.

Although the court questions why the radio and shotgun were not included in the original warrant, along with the TV, since defendants did have knowledge and a description of them from the owner, Dr. Hancock, it appears that there was sufficient cause for seizure, because the articles were in plain view, the discovery of them was inadvertent, and did tend to incriminate the accused. There is no evidence to indicate that a general exploration search was conducted which uncovered the articles.

■ Furthermore, there was no challenge or objection by the plaintiff's wife to the radio and shotgun being taken along with the TV. The court does not find any evidence on the part of defendants to coerce or dominate her or to direct her actions by more subtle techniques and therefore concludes that her consent was freely given. Since the defendants had a warrant to search the house in question and the stolen articles were in plain view and plaintiff's wife consented to their seizure, the court is of the opinion that the search and seizure were not unreasonable.

Accordingly, the court dismisses plaintiff's amended complaint as it finds he was not deprived of any privileges or immunities guaranteed to him under the Constitution.