**The ATLANTIC COMPANIES,**
**Plaintiff,**

**v.**

**GULF PUERTO RICO LINES, INC.,**
**Defendant.**

**Civ. No. 284–70.**

United States District Court,
D. Puerto Rico.

Nov. 6, 1972.

Rivera Zayas, Rivera Cestero & Rua, San Juan, P. R., for plaintiff.

Jimenez & Fuste, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

On September 1, 1971, the defendant Gulf Puerto Rico Lines, Inc. moved for summary judgment alleging that the present action is time barred, and that, therefore, the case must be dismissed. After subsequent pleadings related to

this motion, this case was called for an oral hearing on April 27, 1972. After considering the pleadings, briefs and accompanying documents submitted by both parties, and otherwise being advised on the premises of the case, this Court determines that there exists no genuine controversy as to the following material facts:

1. This is an action to recover losses for damages caused to certain merchandise shipped by the defendant from the port of New Orleans, Louisiana, to the port of San Juan, Puerto Rico. Said shipment was consigned to Francisco Mendoza, Inc. The plaintiff Atlantic Companies, by virtue of an insurance policy in favor of the consignee, paid $845.00 to said consignee to cover the alleged losses.

2. This action was filed with the Clerk of this Court on April 23, 1970. The defendant was not served process until June 28, 1971. The cargo referred to in the complaint arrived in San Juan, Puerto Rico on May 3, 1969 on board the vessel M/V New Yorker and was effectively delivered to the plaintiff or its agent on May 29, 1969, as appears on the reverse side of "Waybill 68–811210" and marked as Exhibit B, accompanying the defendant's motion for summary judgment.

3. The cargo in question was shipped under defendant's short form bill of lading which incorporates all the terms, provisions, stipulations and conditions of the defendant's regular long form bill of lading. Said long form bill of lading partially reads as follows:

"s. . . . In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after the delivery of goods or the date when the goods should have been delivered. *Suit shall not be deemed brought until jurisdiction shall have been obtained over the carrier and/or the ship by service of process or by an agreement to appear.*"

The incorporation of the terms and conditions of the defendant's long form bill of lading is valid by virtue of Section 13 of the Carriage of Goods by Sea Act, 46 U.S.C.A., Section 1312, which expressly permits incorporation of said Act between ports of the United States and its possessions and other United States ports, that is, in coastwise traffic. Medina v. South Atlantic & Caribbean Line, Inc., 342 F.Supp. 498 (D.C.P.R. 1972); Rhode Island Insurance Co. v. Pope & Talbott Lines, 78 D.P.R. 454 (1956); Globe Solvents Co. v. The California, 167 F.2d 859 (3 Cir. 1948); Waterman S. S. Corp. v. United States Smelting, Refining & Mining Co., 5th Cir., 155 F.2d 687, cert. den. 329 U.S. 761, 67 S.Ct. 115, 91 L.Ed. 656.

A clause identical to clause "s" of defendant's long form bill of lading has been held valid in Empacadora Puertorriqueña de Carnes v. Alterman Transport Line, Inc., 303 F.Supp. 474 (D.C. P.R.1969).

In the present case, the cargo in question was delivered on May 29, 1969, and even though the complaint was filed within the year, on April 23, 1970, the defendants were not served with process until June 28, 1971, or more than two years after the delivery of the cargo. This action is clearly time barred.

It is, therefore, ordered, that the defendant's motion for summary judgment is granted and the complaint is dismissed.

It is so ordered.