**PACIFIC AGENCIES, INC.,**
Plaintiff,

v.

**COLON & VILLALON, INC.,**
Defendant.

Civ. No. 1082–72.

United States District Court,
D. Puerto Rico.

Aug. 14, 1973.

Wilfredo A. Geigel, Santurce, P. R., for plaintiff.

Jiménez & Fusté, San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

On October 21, 1972, Pacific Agencies, Inc., plaintiff herein, filed this action for collection of money against Colón & Villalon, Inc. in the District Court of Puerto Rico.

The one paragraph complaint reads as follows:

"1) The plaintiff claims the payment of the amount of $801.32 representing shortage of 219 pieces with an average of 3,082 feet delivered short of wood transported on the vessel Veloz, trip of February 12, 1970."

On December 1, 1972, the defendants Colón & Villalon, Inc., filed a petition for removal to this Court. The defend-

ant alleges in said petition that inasmuch as the complaint embodies an alleged breach of a maritime contract involving a shipment of wood from Peru to Puerto Rico (foreign trade), the Carriage of Goods by Sea Act (COGSA), Title 46, United States Code, Section 1300 et seq., applies ex propio vigore to the Bill of Lading which is evidence of the above mentioned alleged debt. Title 46, United States Code, Section 1312.

The defendant argues further that as the subject Bill of Lading will necessarily have to be interpreted according to the provisions of COGSA, removal to the law side of the Federal Court is proper under Title 28, United States Code, Section 1337 because a federal statute affecting commerce is involved.

Accompanying his petition for removal, the defendant has filed a motion for summary judgment wherein he argues that according to Gulf Puerto Rico Lines v. Maicera Criolla, 309 F.Supp. 539 (1969) and Median v. South Atlantic and Caribbean Lines, Inc., 342 F.Supp. 498 (1972), a stevedoring contractor (a sworn statement has been filed to the effect that Colón & Villalón is a stevedoring contractor), cannot be held responsible for damages under a maritime contract for transportation as he is not a party to the maritime contract covering delivery of the goods.

Both the above named actions involved application of COGSA (specifically Section 1303(6), the time-bar provision) and so were properly removed to this Court under Title 28, United States Code, Section 1337, inasmuch as the outcome depended on the interpretation of a federal statute.

But here, there is no indication that this case depends for its outcome on the interpretation of COGSA. In the first place, Title 46, United States Code, Section 1311, states that COGSA does not apply to stevedoring contractors. If, with respect to this defendant, federal law (at least COGSA) would not be applicable, then we do not understand how defendant can argue this case is properly removable under Title 28, United

States Code, Section 1337 in that a federal statute affecting commerce is involved.

In the second place, the defendant argues in his motion for summary judgment that his defense here is the same defense as was raised in *Medina* and *Gulf Puerto Rico Lines,* supra, namely that contracts will only have effect between the parties to it. This is a defense based on contract not maritime law.

Although involving general maritime law brought in a removal proceeding under Title 28, United States Code, Section 1331, the United States Supreme Court in Romero v. International Term. Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, dealt with the proper sharing of jurisdiction· between federal and state courts in cases involving maritime law. The "role of the States in the administration of maritime law was preserved in the famous 'savings clause'—'saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' " *Romero* at p. 362, 79 S.Ct. at p. 475. Title 28, United States Code, Section 1333. In deciding that the case was not removable under Section 1331, the *Romero* Court stated: "The historic option of a maritime suitor pursuing a common law rem-edy to select his forum, state or federal, would be taken away by an expanded · view of § 1331. . . ." at p. 371, 79 S.Ct. at p. 480.

This language seems to vitiate to some extent the effect of Crispin Company v. Lykes Bros. Steamship Co., 134 F.Supp. 704 (D.C.1955), decided three years before *Romero*. *Lykes Bros.,* a case used as precedent for removability to the Federal Court in Commonwealth of Puerto Rico v. Sea-Land Service, Inc., 349 F.Supp. 964 (D.C.1970), involved a removal proceeding under Section 1337 and the Court stated there: "the [savings] clause has long been construed to afford litigants a choice of remedies, not of forums", at page 707, of 134 F.Supp.

To what extent this doctrine has been rendered without effect by clear language in *Romero*, and particularly with reference to specific maritime law involved in removal proceedings under Section 1337, we need not decide here.

This removal petition does not even show the situation described in *Lykes Bros.* as justifying removal under Section 1337, at page 706.

Under the circumstances, this case should and is hereby remanded to the State Court.

It is so ordered.