The FIRESTONE TIRE & RUBBER CO., Plaintiff,

v.

ALMACENES MIRAMAR, INC., et al., Defendants.

Civ. No. 77–1131.

United States District Court,
D. Puerto Rico.

March 20, 1978.

On Reconsideration April 20, 1978.

Eduardo R. Estrella, Fiddler, González & Rodríguez, San Juan, P.R., for plaintiff.

Laffitte & Domínguez, Hato Rey, P.R., Segurola, Montalvo & Lugo-Nat., San Juan, P.R., González & Rodríguez, Puerto Nuevo, P.R., Francisco Ponsa Feliú, Jiménez & Fusté, San Juan, P.R., for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

Between March 11, 1976 and April 30, 1976 Plaintiff, Firestone Tire & Rubber Co. (Firestone), through its division, Seiberling Tire and Rubber Co., and the Puerto Rico Maritime Shipping Authority (PRMSA) en-

tered into a shipping and delivery agreement of certain shipping trailers containing automobile tires. The six containers wherein the tires were shipped arrived in Puerto Rico between March 15, 1976 and May 14, 1976. These six containers were placed in the warehouse of Codefendant, Almacenes Miramar, Inc., between the dates of April 12, 1976 and May 28, 1976. On August 19, 1976 a fire destroyed most of the warehouse together with Firestone's tires. For its loss Firestone now seeks recovery of damages.

P.R.M.S.A. now moves for summary judgment on the grounds that the action is time barred pursuant to provisions of Section 3(6) of the Carriage of Goods By Sea Act (COGSA), 46 U.S.C. 1303(6), which sets a one year time limit to initiate damage suits commencing from the time of delivery.[1] P.R.M.S.A. alleges that said limitation is applicable to the action involved herein pursuant to 46 U.S.C. 1312.

Firestone opposes summary judgment alleging that since the goods involved herein were delivered and thus were no longer "on board ship" it is the Harter Act, 46 U.S.C. 190 *et seq.* which controls so that any defenses and limitations of COGSA become inapplicable.

█ It is clear that COGSA applies only to goods in shipment between the United States and a foreign port, 46 U.S.C. § 1312, and only while the goods are on board ship ("tackle to tackle"), 46 U.S.C. § 1301(e). The Harter Act, in turn, applies to goods in the custody of the carrier before delivery and after discharge. 46 U.S.C. § 190 *et seq.* See also: *R. L. Pritchard & Company v. S. S. Hellenic Laurel*, 342

F.Supp. 388 (S.D.N.Y., 1972). However, it is equally clear that the provisions of COGSA can become applicable if so expressly stated in the "bill of lading or similar document of title which is evidence of a contract for carriage of goods by sea . . ." 46 U.S. 1312. See especially: *Fireman's Insurance Company of Newark v. Gulf Puerto Rico Lines, Inc.*, 349 F.Supp. 95 (D.Puerto Rico 1973); *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964 (D.Puerto Rico 1973); *Santiago v. Sea-Land Service, Inc.*, 366 F.Supp. 1309 (D.Puerto Rico 1973).

█ It appears from the record that in the shipping agreement between Firestone and P.R.M.S.A. the provisions of COGSA were expressly adopted. See: Defendants' Bill of Lading, Defendants' Motion for Summary Judgment p. 6, 7. Such being the case the one year time limitation of COGSA, 46 U.S.C. 1303(6) becomes applicable by reference, and as such, is dispositive of the issue before us. The valid delivery by a P.R.M.S.A. to Almacenes Miramar, Inc. last occurred on May 14, 1976.[2] The complaint was filed on August 10, 1977. The action against the shipper, P.R.M.S.A., is therefore time barred and summary judgment must be, and is hereby GRANTED.[3]

The Clerk of the Court shall enter Judgment accordingly.

IT IS SO ORDERED.

## ON RECONSIDERATION

In our original Opinion and Order of March 20, 1978 we granted Defendant's, Puerto Rico Maritime Shipping Authority

---

1. Delivery was effectuated pursuant to Puerto Rico Maritime Shipping Authority Tariff Number 1, FMC–F1 which provides that if dry trailers of not more than three in number per ship are received in Puerto Rico and are not picked up by the consignee within 72 hours, then the undelivered freight, at the expiration of free time provided, may be placed in a public storage warehouse at the expense and for the account of the consignee or owner. See Defendants Exhibit 7. This tariff is a valid form, see 46 U.S.C. 812 *et seq.*; *Gulf Puerto Rico Lines, Inc. v. Associated Food Co.*, 366 F.Supp. 631 (D.Puerto Rico 1973).

2. See Note 1, infra.

3. Plaintiff's reliance on 46 U.S.C. § 190 (Stipulations relieving from liability for negligence are void), and *R. L. Pritchard & Company*, supra, are unfounded. We do not hold here that P.R.M.S.A.'s relation with Firestone was or was not that of bailee. Nor do we hold that COGSA time limitations relieve a negligent party from liability; but only that they require that the suit be timely filed. Our ruling is limited, therefore, to the timeliness of the complaint against the shipper.

(PRMSA), motion for summary judgment on the grounds that the action against it was time barred under the applicable statutory provisions. On March 30, 1978 Plaintiff, Firestone Tire and Rubber Co. (Firestone) filed a "Motion Requesting Extension of Time To File Motion For Reconsideration". We originally denied said motion; however, because we deem it appropriate to further expound upon some of Plaintiff's contentions we grant said motion *nunc pro tunc.* We will thus proceed to entertain the merits of plaintiff's motion.

In our original Opinion and Order we essentially held that the provisions of the Carriage of Goods by Sea Act (COGSA) were adopted and incorporated into the shipping agreement between Firestone and PRMSA. These provisions thus controlling, Firestone's compaint was untimely. Plaintiff now contends that the provisions of "Cosga may not regulate a carrier's responsibility after it has delivered and discharged the merchandise and in the alternative that after delivery and discharge of the merchandise the responsibility of a carrier is that of a bailee or warehouseman". Plaintiff's Motion For Reconsideration p. 2. This is but a slight variation of Plaintiff's original opposition to summary judgment. Firestone argues that although COGSA may be incorporated, such incorporation is limited to "the filing of a cargo claim based upon the fact that . . . the carrier has failed to use due diligence to make the ship seaworthy and in so doing has caused damage to the cargo". Plaintiff's Motion, p. 2 quoting from *Fireman's Insurance Co. of Newark v. Gulf Puerto Rico Lines, Inc.,* 349 F.Supp. 952, 956 (D.Puerto Rico 1973).[1] Plaintiff further argues, *sub silentio,* that because the factual circumstances of the cases cited in our original order were somewhat different, the proposition for which they were cited is invalid. We shall repeat part of our reasoning in the original order in finer detail, citing more direct authority, in the hope that this matter may be ended.

COGSA does not apply *ex propio vigore* to the period before the goods are placed on board ship or to the period after their discharge. 46 U.S.C. 1301(e). COGSA can be incorporated so as to apply in situations where it otherwise would not. 46 U.S.C. 1312.[2] COGSA was expressly incorporated into the shipping agreement between Firestone and PRMSA. See Defendant's Motion For Summary Judgment and Plaintiff's Exhibit A in his Motion For Reconsideration. Part of that incorporation reads in part as follows:

"This bill of lading shall have effect subject to the provisions of the carriage of goods by Sea Act of the United States of America approved April 16, 1936."

"I. COVERAGE. This bill of lading shall have effect while the containers, goods and packages are in the custody of the vessel or its agents, its servants and its independent contractors."

"The carrier shall not be liable in any capacity whatsoever for any loss or damage occurring before the goods are loaded on or after they are discharged from the ship, . . ."

"21. NOTICE OF CLAIM—TIME FOR SUIT.

In any event, the carrier and the ship shall be discharged from all liability for any loss of, or damage to, or delay of the goods or with respect to freight, charges or expenses, or the refund thereof or any claim of whatsoever description, unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. Suit shall not be deemed brought against the carrier or ship until jurisdiction shall have been obtained of the carrier or the ship, or both, or if brought in admiralty, unless process or written notice of filing of the libel shall have been served or delivered to the carrier."

---

1. See also: *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.,* 349 F.Supp. 964 (D.Puerto Rico 1973); *Santiago v. Sea-Land Service, Inc.,* 366 F.Supp. 1309 (D.Puerto Rico 1973).

2. Indeed 46 U.S.C. 1307 refers to agreements as to liability prior to loading and after discharge.

Thus, by incorporating COGSA, and by the express terms of the bill of lading, Firestone and PRMSA have agreed that the one year time limitation controls. Under the present factual history the suit is untimely. Directly in point, and supporting our original Order, is *Zifferer v. Atlantic Lines, Ltd.*, 278 F.Supp. 736 (D.Puerto Rico 1968).[3] · See also: *Mackey v. U. S.*, D.C. N.Y., 83 F.Supp. 14, 18, 19 affd. 197 F.2d 241 (CA2 1952); *J. Aron & Comp. v. The Askvin*, 1958 A.M.C. 207, affd. 267 F.2d 276 (CA2 1959).

In conclusion, whether the merchandise was, aboard ship, delivered, or discharged, under both COGSA as incorporated, and the bill of lading itself, the suit must have been filed by May 14, 1977. The complaint filed on August 10, 1977 was untimely. The Motion For Reconsideration must be, and is hereby, DENIED.

IT IS SO ORDERED.

---

**3.** From what is cited in *Zifferer*, and what the record before us reveals, one can safely speculate that both bills of lading read exactly the same.