**INSURANCE COMPANY OF NORTH AMERICA, et al., Plaintiffs,**

v.

**PUERTO RICO MARINE MANAGEMENT, INC., Defendant.**

**Civ. No. 83–2920(PG).**

United States District Court, D. Puerto Rico.

Dec. 6, 1984.

James A. Toro, Old San Juan, P.R., Robert W. Fenet, Lake Charles, La., for plaintiffs.

Jaime Mayol, Jiménez & Fusté, J. Ramón Rivera Morales, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This action was brought by Insurance Company of North America, (hereinafter referred to as INA) as representative and on behalf of various insurance companies, to recover for loss of cargo allegedly due to defendant's breach of contract and negligence.

Defendant filed a motion for summary judgment on August 21, 1984, alleging that the complaint is time barred and that plaintiff failed to state a claim upon which relief can be granted. On September 5, 1984, plaintiff filed an opposition thereto and a cross-motion for summary judgment. Subsequently, defendant filed, on October 1, 1984, an opposition to plaintiff's cross-motion for summary judgment and a reply to plaintiff's opposition to defendant's motion for summary judgment. On October 15, 1984, plaintiff filed a supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment.

Jurisdiction of this Court is based on admiralty pursuant to 28 U.S.C. § 1333.

■ When all the parties have moved for summary judgment and no party has raised any genuine issue of material fact this case is appropriate for disposition by summary judgment. Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2720 (and cases therein cited at p. 25 n. 14).

Based on the pleadings, their annexed exhibits and supporting affidavits, the Court makes the following findings of facts

and arrives at the following conclusions of law:

### Findings of Fact

1. On December 16, 1981, Canadian Saltfish Corporation shipped a container of 800 cartons of codfish from Elizabeth, New Jersey, to Méndez & Company, Inc., in San Juan, Puerto Rico.

2. A bill of lading was issued by Puerto Rico Marine Management, Inc., (hereinafter referred to as PRMMI) covering the shipment of codfish consigned to Méndez & Company, Inc. (Exhibit A to defendant's motion for summary judgment).

3. The container wherein the codfish was shipped arrived in Puerto Rico on January 2, 1982.

4. Upon the arrival of the goods in San Juan, PRMMI held the goods in storage at its facilities in San Juan for safekeeping and delivery to Méndez & Company, Inc.

5. On January 4, 1982, PRMMI delivered the container to someone purporting to be consignee, Méndez & Company, Inc.'s trucker, as evidenced by the Trailer Interchange Receipt and Inspection Report (Exhibit B to defendant's motion for summary judgment).

6. On the above date, a truck driver for Méndez & Company, Inc., arrived at the facilities of PRMMI to pick up the container and was informed that the same had been picked up by someone purporting to work for Méndez & Company, Inc.

7. PRMMI released the container to an unauthorized person whose signature on the Trailer Exchange Receipt and Inspection Report is illegible.

8. Plaintiff, INA, as insurer of Méndez & Company, Inc., paid them the sum of $57,263.80 for the loss of the codfish and brings this subrogation claim in its own name for an alleged failure to deliver the cargo held in storage for Méndez & Company, Inc.

9. The complaint was filed on December 1, 1983, but summons were not served on PRMMI until March 19, 1984.

### Conclusions of Law

Defendant alleges that this action arises under the U.S. Carriage of Goods by Sea Act, (COGSA) 46 U.S.C. § 1300 et seq., and is time barred pursuant to the provisions of the Bill of Lading which sets a one-year limit to initiate damage or loss suits commencing from the time of delivery of the goods or the date when the goods should have been delivered. Plaintiff opposes summary judgment contending that this is not an action arising under COGSA because (1) this was a shipment from a U.S. port to a U.S. port, and (2) the goods involved herein were delivered and thus were no longer "on board ship." INA further alleges that PRMMI had the duties of a bailee or a warehouseman and that if the Court should find otherwise, then the Harter Act, 46 U.S.C. § 190 et seq., would prevail.

In its supplemental memorandum of law, plaintiff also alleges that because INA, as subrogee, was not a party to the contract between its insured and PRMMI and never received actual or constructive notice of the limitations provision, the COGSA statute of limitations incorporated in the short bill of lading did not apply to INA.

It is clear that the Carriage of Goods by Sea Act, (COGSA) 46 U.S.C. § 1300 et seq., does not apply *ex propio vigore* to goods in shipment between ports of the United States, 46 U.S.C. § 1312. It is also clear that COGSA does not apply *ex propio vigore* to the period before the goods are placed on board ship ("tackle to tackle") or to the period after their discharge, 46 U.S.C. § 1301(e). *Firestone Tire & Rubber v. Almacenes Miramar, Inc.*, 452 F.Supp. 670 (D.C.P.R.1978), *affirmed*, 588 F.2d 817 (1st Cir.1978). The Harter Act applies to goods in the custody of the carrier before delivery and after discharge, 46 U.S.C. § 190 et seq. However, the parties agreed that the provisions of COGSA should be incorporated into their contract, and it has been repeatedly held that COGSA can be incorporated so as to apply in situations where it otherwise

would not if so expressly stated in the "bill of lading or similar document of title which is evidence of a contract for carriage of goods by sea..." 46 U.S.C. § 1312. *See, Empacadora Puertorriqueña de Carnes v. Alterman Tr. Line*, 303 F.Supp. 474 (D.C.P.R.1969); *Fireman's Insurance Company of Newark v. Gulf Puerto Rico Lines, Inc.*, 349 F.Supp. 952 (D.C.P.R.1972); *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964 (D.C.P.R.1970); *Santiago v. Sea-Land Service, Inc.*, 366 F.Supp. 1309 (D.C.P.R.1973); *North River, Ins. Co. v. FED SEA/FED Pac Line*, 647 F.2d 985 (9th Cir.1981); *Firestone Tire & Rubber v. Almacenes Miramar, Inc., supra; Home Ins. v. Puerto Rico Maritime Shipping Auth.*, 524 F.Supp. 541 (D.C.P.R.1981).

The contract governing the transaction at issue is a short-form bill of lading (short bill). The short bill incorporates two documents: one is the long-form bill of lading (long bill) on file with the Federal Maritime Commission, the other is the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 et seq.

The shortbill contains a clause which reads as follows:

2. During all other periods, including the time the goods are in the custody of Puerto Rico Maritime Shipping Authority and during the time the goods are loaded on board, carried or discharged from any vessel, and during the time the goods are in the custody of Puerto Rico Maritime Shipping Authority at the port of discharge, and during the time the goods are carried or transported or in the custody of Puerto Rico Maritime Shipping Authority, its agents or any independent contractors after discharge and until delivery, this carriage shall be subject to the terms and conditions of the Puerto Rico Maritime Shipping Authority's regular long form bill of lading contract. All parties to this contract are bound by the terms, provisions, stipulations and conditions of Puerto Rico Maritime Shipping Authority's regular long form bill of lading and published tariff which is on file with the Federal Maritime Commission, posted on board each vessel and open for shippers' or other parties' inspection at the company's offices, and the same are hereby incorporated with the same force and effect for all purposes as if it were severally, fully and specifically set forth herein. Where applicable, this bill of lading is subject to Public Law 85–810, Stat. 977, approved August 28, 1958. This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States of America, approved April 26, 1936.

(Defendant's Exhibit C to motion for summary judgment)

The short bill is subject to the Regular Long Form of Bill of Lading which contains the following statement regarding when the contract shall have effect:

1. COVERAGE. This Bill of Lading shall have effect while the containers, goods and packages are in the custody of the vessel or Puerto Rico Maritime Shipping Authority, its agents, its servants and its independent contractors. At all other times containers, goods and packages shall be governed by the terms and conditions of the connecting carrier's Bill of Lading (if any) and/or Uniform I.C.C. Bill of Lading. When this Bill of Lading governs, it is subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, which are incorporated herein, and nothing herein contained is a surrender by the carrier of any of its rights, immunities or limitations or an increase of any of its responsibilities or liabilities under said Act. If any term of this Bill of Lading be repugnant to said Act to any extent, such term shall be void to that extent but no further.

(Exhibit C accompanying defendant's motion for summary judgment)

■ The language contained in these provisions is what makes COGSA a part of the domestic contract of carriage as evidenced by the bill of lading. The parties agreed in said clauses to apply the terms of

the Act throughout the entire period when the shipper-carrier relationship existed and not merely from tackle to tackle. In *Firestone Tire & Rubber Co. v. Almacenes Miramar, Inc., supra,* a case directly on point, a bailee-warehouseman argument similar to the one raised by INA under a similar PRMSA Bill of Lading was specifically rejected. The case of *Allstate Ins. Co. v. International Shipping Corp.,* 703 F.2d 497 (11th Cir.1983) cited and quoted by plaintiff in its supplemental memorandum is clearly distinguishable from the case at bar. Therein, the short bill of lading incorporated all of COGSA and the long form bill of lading on file with the Federal Maritime Commission. However, it does not appear from the case that the parties agreed in their bills of lading to apply COGSA to the period before the goods were placed on board the ship. Because the damage occurred prior to the time the goods were loaded, the Court therein applied the Harter Act. Contrariwise, the parties in the instant case specifically agreed in the short form bill of lading that the long form bill of lading should apply to the period after the goods are discharged from the ship into the custody of the carrier, and the long form bill of lading specifically provides that COGSA is applicable to the period when the goods are in the custody of the carrier.

There is a special clause included in the long bill of lading which specifically provides that suit has to be brought within one year of delivery or the date when the goods would have been delivered, and that suit was not deemed brought until the carrier has been served with process.[1]

It is defendant's contention that according to this provision the present suit is time barred for process was not served upon it until almost more than two years after the date when the goods should have been delivered. Plaintiff argues that since INA was not a party to the contract between its insured, Méndez & Co., Inc., and PRMMI that it never received actual or constructive notice of the limitations provision. Thus, it concludes that COGSA's statute of limitations is not applicable.

Whatever period of limitations is applicable to the insured passes by subrogation to the insurance carrier, who by reason of such subrogation, is put in place of the party to whose right it is subrogated. Couch on Insurance 2d (Rev'd) § 75.38 p. 43. The one-year statute of limitations established in the bill of lading applies to a suit by a consignee against a carrier.[2] *Puerto Rico Marine Mgmt. v. Ken Penn Amusement,* 574 F.Supp. 563, 568 (W.D. Pa.1983) relied upon by plaintiff, is distinguishable. There, the court did not apply the COGSA statute of limitations to a counterclaim filed by a consignee against the carrier because the consignee was not a party to the freight contract executed by PRMMI and National Expositions, Inc., on behalf of the consignee. In the instant

---

1. Clause number 923 of the Long Form Bill of Lading specifically provides:

   In any event, the carrier and the ship shall be discharged from all liability for any loss of, or damage to, or delay of the goods or with respect to freight, charges or expenses, or the refund thereof or any other claim of whatsoever description, unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. Suit shall not be deemed brought against the carrier or ship until jurisdiction shall have been obtained of the carrier or the ship, or both, or if brought in admiralty, unless process or written notice of the filing of a libel shall have been served or delivered to the carrier.

2. Section 1303(6) requires that suits under COGSA be "brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C. § 1303(6). Within the meaning of the statute, suit has been brought as of the time the complaint was filed even though process was not served until sometime later. 2A Benedict on Admiralty, § 163 at 16–8. However, when COGSA has been incorporated with respect to time periods outside the statutory frame the parties have been allowed to define bringing an action as obtaining jurisdiction over the defendant. *Empacadora Puertorriqueña de Carnes, Inc. v. Alterman Transport Line, Inc.,* 303 F.Supp. 474, 479 n. 10 (D.P.R. 1969); *Atlantic Companies v. Gulf Puerto Rico Lines, Inc.,* 355 F.Supp. 172 (D.P.R.1972); *Medina v. South Atlantic & Caribbean Line, Inc.,* 342 F.Supp. 498 (D.P.R.1972).

case, there is no allegation that plaintiff's insured, Méndez & Co., Inc., was not a party to the contract of carriage.

Plaintiff, INA, as insurer who paid the claims of its insured and owner of the goods, could file this subrogation claim against the ocean carrier if brought within one year after delivery of said goods or the date when the goods should have been delivered. *Home Ins. v. Puerto Rico Maritime Shipping Auth., supra.* The suit is not deemed brought until the carrier has been served with process (see cases cited in footnote 2). Service was not obtained until March 19, 1984, more than one year after the date when the goods should have been delivered. Therefore, plaintiff's claim against PRMMI is time barred.

In view of the above, it is hereby OR-DERED that defendant's motion for summary judgment be and is hereby GRANTED; and IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment be and is hereby DENIED.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.