**AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, Plaintiff**

v.

**The M/V SAN JUAN, et al., Defendants.**

**Civ. No. 89–0932 (JAF).**

United States District Court, D. Puerto Rico.

Feb. 15, 1990.

Héctor F. Oliveras, Cordero Miranda & Pinto, San Juan, P.R., for plaintiff.

Steven C. Lausell, Jimenez Graffam & Lausell, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTÉ, District Judge.

This case is before us on defendants' motion for summary judgment requesting the dismissal of a cargo claim arising as a result of the transportation of goods in commerce from Elizabeth, New Jersey, to San Juan, Puerto Rico, on board the M/V SAN JUAN. Jurisdiction has been invoked pursuant to 28 U.S.C. Section 1333. Delivery of the goods or the date on which the goods should have been delivered occurred on July 11, 1988. The Complaint was filed before this court on July 11, 1989. Service of process was made upon the defendant Puerto Rico Maritime Shipping Authority on July 20, 1989.

Bill of Lading Tariff No. 100–A, of the Puerto Rico Maritime Shipping Authority, issued August 13, 1986, governs the terms and conditions of the contract of carriage. Even though this shipment in domestic commerce is governed *ex proprio vigore* by the Harter Act, 46 U.S.C.App. §§ 190–196, we note that pursuant to the clause paramount of the bill of lading contract's terms and conditions, the Carriage of Goods by Sea Act, 46 U.S.C.App. §§ 1300–1315, was incorporated as a contractual provision for the carriage of goods between United States ports. Such an incorporation is valid and to that effect it will suffice to cite *Institute of London Underwriters v. Sea–Land Service, Inc.,* 881 F.2d 761, 764 (9th Cir.1989); *Insurance Co. of North America v. Puerto Rico Marine Management, Inc.,* 768 F.2d 470 (1st Cir.1985); *Commonwealth of Puerto Rico v. Sea–Land Service, Inc.,* 349 F.Supp. 964 (D.P.R.1970); *Fireman's Insurance Co. of Newark v. Gulf Puerto Rico Lines, Inc.,* 349 F.Supp. 952 (D.P.R.1972).

The same Bill of Lading Tariff No. 100–A contains a Clause 18 entitled "NOTICE OF CLAIM–TIME FOR SUIT–JURISDICTION," which reads as follows:

Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by Carrier of the goods as described in the bill of lading. In the case of general cargo which is not perishable, if the loss or damage is not apparent, notice must be given within twenty-four hours after the loss or damage becomes apparent, but must be given no later than seventy-two hours after delivery. In the case of perishable goods, notice must in all cases be given no later than twenty-four hours after delivery.

Carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods should have been delivered [sic]. Suit shall not be deemed brought against Carrier or vessel until jurisdiction shall have been obtained over Carrier or the

vessel, or both by service of process thereon.

Under this clause, an action for damage to cargo is time-barred unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. However, suit is not deemed brought against the carrier until jurisdiction shall have been obtained by service of process. Since delivery of the goods occurred on July 11, 1988 and service of process was effectuated on July 20, 1989, it is claimed that the action is thus time-barred.

There is no doubt that more than one year elapsed from the date of delivery of the goods or the date on which the goods should have been delivered to the date of the service of process. In domestic traffic of the United States, even when the Carriage of Goods by Sea Act has been incorporated as contractual terms and conditions, such a clause has been determined to be a valid exercise of bill of lading drafting which imposes upon the cargo interest the obligation to bring the action for judicial recovery in the manner there specified. In other words, a requirement that process be served within one year of delivery of the goods in domestic traffic has been found reasonable under the *ex proprio vigore* applicable law, the Harter Act, which sets no specific limitation period for suits by a consignee against the carrier. Here, a short-form bill of lading was issued to cover the shipment in question. *See* Short-Form Bill of Lading attached to plaintiff's Opposition to Motion for Summary Judgment, Docket Document No. 6. This is the custom, usage, and practice in the domestic traffic of the United States, where the long-form bill of lading terms, clauses, and conditions are not printed on the back of the bill of lading in their entirety. *Insurance Co. of North America v. Puerto Rico Marine Management, Inc.*, 768 F.2d at 474. It is precisely because of this reality that the court, through Order of December 26, 1989, required the parties to file the bill of lading tariff that applies to this particular shipment, including the bill of lading terms, clauses, and conditions as published in said tariff.

Unfortunately for the plaintiff, the case-law supports defendants' position and, therefore, we must find that the cause of action is time-barred. *See J. Aron & Company v. The Askvin*, 267 F.2d 276 (2nd Cir.1959); *Empacadora Puertorriqueña de Carnes v. Alterman Transport Line, Inc.*, 303 F.Supp. 474 (D.P.R.1969).

Judgment will be entered dismissing the complaint filed herein.

IT IS SO ORDERED.